UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
AQ CONSULTING WLL, also known as AQ  :   **ORDER GRANTING MOTION TO**
Consulting, LLC, also known as AQ Business :   **DISMISS**
Consultants, :
:   10 Civ. 7496 (AKH)
                             Plaintiff, :
:
     -against- :
:
:
JOHN BRANCA and JOHN McCLAIN, as Special :
Administrators of the Estate of Michael Jackson, :
:
                            Defendants. :
:
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff AQ Consulting WLL commenced this litigation in late September 2010, seeking to recover $1.2 million from the Estate of Michael Jackson, the late "King of Pop," under alternate theories of breach of contract and unjust enrichment.[1] In lieu of filing an answer, defendants John Branca and John McClain, as Special Administrators of the Estate of Michael Jackson, moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. I conclude that, in light of ongoing probate proceedings in the Superior Court of California, County of Los Angeles, AQ's causes of action are not yet ripe for adjudication. I therefore grant defendants' motion to dismiss the complaint in full.

        In order to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This pleading standard "does not require detailed factual allegations, but it demands more than an

---

[1] Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(2) because AQ alleges that it is a citizen of the Kingdom of Bahrain, that defendants are citizens of California, and that the amount in controversy exceeds $75,000.

1

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555) (quotation marks omitted). In other words, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   Defendants ask this court to take judicial notice of two documents filed in the California probate proceedings before deciding the instant motion to dismiss. The first document is an "Order for Probate," signed by Judge Mitchell L. Beckloff on July 13, 2009, which appoints Branca and McClain as special administrators. The second document is styled "Petition for an Order Allowing Late Filing of Claim Against Estate, or Alternatively for an Order Declaring that Time for Filing Petitioner's Claim Has Not Begun to Run." This second document, signed by AQ's counsel, bears a stamp that it was filed in the Superior Court of California on November 18, 2010, and another stamp indicating that a hearing will be held on February 3, 2011. "Although the general rule is that a district court may not look outside the complaint and the documents attached thereto in ruling on a Rule 12(b) motion to dismiss," the Second Circuit has "acknowledged that [a district] court 'may also consider matters of which judicial notice may be taken.'" Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991)). "'A court may take judicial notice of a document filed in another court'"; however, judicial notice may be taken, "'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)). In accordance with these authorities, I take judicial notice of the probate court's July 2009 order and AQ's November 2010 petition to establish the fact of

2

the ongoing California probate proceedings; the appointment of Branca and McClain as special administrators; and AQ's efforts, after filing this lawsuit, to lodge a claim in probate court.

"Under California law, there are two methods for recovering damages from a deceased [individual]." Pelayo v. City of Downey, 570 F. Supp. 2d 1183, 1192 (C.D. Cal. 2008). Where, as here, "the decedent's property [is] distributed through a probate administration in the probate court, the plaintiff must first file[] a claim in probate court." Id.; see Cal. Prob. Code § 9351. Even then, a plaintiff may not commence an action "against a decedent's personal representative on a cause of action against the decedent" until after the plaintiff's claim in probate court "is rejected in whole or in part." Cal. Prob. Code § 9351. A "claim" is defined to include "a demand for payment" for "[l]iability of the decedent, whether arising in contract, tort, or otherwise," and "whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated." Id. § 9000(a)(1); see Venturi v. Taylor, 41 Cal. Rptr. 2d 272, 275 (Cal. Ct. App. 1995) ("A creditor demanding payment from a decedent's estate based upon a contract must file a claim within the statutory time . . . ."). "Filing a suit against an estate is not equivalent to filing a probate claim." Van Ort v. Estate of Michael Stanewich, 92 F.3d 831, 841 (9th Cir. 1996) (citing Wood v. Brown, 114 Cal. Rptr. 63, 67 (Cal. Ct. App. 1974)).

Here, AQ's complaint does not allege that AQ filed a claim in probate court that has since been rejected in whole or in part. In fact, AQ's November 2010 petition seeking leave to file a late claim, and the fact that a hearing on that petition is scheduled for February 3, 2011, suggest that AQ has not filed a claim at all. As a result, this lawsuit is premature, and defendants' motion to dismiss is granted in full.

3

The Clerk shall enter judgment dismissing the complaint without prejudice and without costs.[2]

The Clerk shall mark the motion (Doc. No. 6) terminated and the case closed.

SO ORDERED.

Dated:   January 19, 2011
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

---

[2] AQ should be advised that, if it renews its action in federal court after the California probate proceedings conclude, this court may lack subject matter jurisdiction under the Rooker-Feldman doctrine. That doctrine "holds that, among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments" and that lower federal courts are also barred "from considering claims that are 'inextricably intertwined' with a prior state court determination." Johnson v. Smithsonian Inst., 189 F.3d 180, 185 (2d Cir. 1999).

4